ESTATE OF JESUS D. CARDENAS,

    Plaintiff,

v.

JEFFERSON COUNTY; SHERIFF PAUL MILBRATH; JOHN DOES 1-10, ADVANCED CORRECTIONAL HEALTHCARE, INC., KEVIN KREMBS, KAREN RONQUILLO-HORTON, M.D., XYZ CORPORATION, ABC INSURANCE COMPANY; DEF INSURANCE COMPANY, GHI INSURANCE COMPANY and JOHN DOES 11-20,

    Defendants.

Case No.: 2:22-CV-00243-LA

## AMENDED COMPLAINT

NOW COMES Plaintiff Estate of JESUS D. CARDENAS ("Plaintiff" or "Estate"), by its attorneys, Cade Law Group LLC, and as and for the Estate's complaint against the Defendants, alleges and shows the Court as follows.

### INTRODUCTION

1. This is an action arising under 42 U.S.C. § 1983 seeking redress for Decedent Jesus D. Cardenas' ("Cardenas" or the "Decedent") death and to correct unlawful practices occurring at the Defendant Jefferson County Jail ("Jail"). Due to reckless indifference, failure to protect, and failure to supervise and train Defendants John Does 1-10, Defendants Jefferson County ("Jefferson County") and Sheriff Paul Milbrath (the "Sheriff") should be held liable to Plaintiff for the Decedent's death and related injuries. In addition, Defendants Advanced Correctional Healthcare, Inc., XYZ

Corporation, John Does 11-20, Dr. Kevin Krembs and Dr. Karen Ronquillo-Horton also bear responsibility for the failure to provide Cardenas with medication to lessen his withdrawal from opiates.

## JURISDICTION AND VENUE

2. This action is brought forth pursuant to 42 U.S.C. § 1983, to redress the deprivation under color of law of Plaintiff's rights, as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this Complaint occurred in this judicial district.

## PARTIES

4. Cardenas was an adult citizen of the United States, who was born on February 2, 1998 and died on March 2, 2019.

5. Cardenas was survived by his parents, Maria Cardenas and Jesus Cadenas. Cardenas father, Jesus Cardenas, has now passed away. Cardenas did not have any known children. Maria Cardenas is the proposed special administrator of the Estate.

6. Defendant Jefferson County is a municipal entity that administrates and is responsible for the Jefferson County Jail. Defendant Jefferson County also employs or employed JOHN DOES 1-10 at the Jefferson County Jail.

7. Defendant John Does 1-10, upon information and belief, are (or at one time were), employees of either the Jefferson County Jail or the Jefferson County Sheriff's Department.

8. The Sheriff is the Sheriff of Defendant Jefferson County, and at all times material was responsible for all inmates at the Jefferson County Jail, including Cardenas.

9. Defendant Advanced Correctional Healthcare, Inc. ("Advanced"), upon information and belief, is an Illinois Corporation licensed to do business in the State of Wisconsin and has a principal business address at 3922 W. Baring Trace, Peoria, IL 61615. Upon information and belief, Advanced's registered agent in the State of Wisconsin is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703. Advanced, upon information and belief, had a contract with Jefferson County for the provision of medical services at the Jefferson County Jail.

10. Dr. Kevin Krembs, upon information and belief, is a citizen of the State of Indiana, and resides at 1907 Fisher Street, Munster, IN 46321, and at all material times, was employed to provide medical services to the Jefferson County Jail.

11. Defendant Karen Ronquillo-Horton, upon information and belief, is a citizen of the State of Wisconsin, and resides at S60 W23955 Coyote Crossing, Waukesha, WI 53189, and at all material times, was employed to provide medical services to the Jefferson County Jail.

12. Defendant John Does 11-20 are, upon information and belief, are (or at one time were), employees of Advanced and provided medical care to the Jail.

13. Defendant XYZ Corporation, upon information and belief, is a business licensed to do business in the State of Wisconsin and may have employed or provided medical care by Defendants Krembs and/or Ronquillo-Horton. The name XYZ Insurance Co. is a fictitious name, which will be substituted once the name of the insurer is identified.

14. Defendant ABC Insurance Co. ("ABC"), upon information and belief, is an

insurance company licensed to do business in the State of Wisconsin and currently provides or did provide general liability insurance to Jefferson County, Sheriff and/or John Does 1-10 for the time period(s) alleged herein. The name ABC Insurance Co. is a fictitious name, which will be substituted once the name of the insurer is identified.

15. Defendant DEF Insurance Co. ("DEF"), upon information and belief, is an insurance company licensed to do business in the State of Wisconsin and currently provides or did provide general liability insurance to Advanced Correctional Healthcare, and/or John Does 11-20 for the time period(s) alleged herein. The name DEF Insurance Co. is a fictitious name, which will be substituted once the name of the insurer is identified.

16. Defendant GHI Insurance Co. ("GHI"), upon information and belief, is an insurance company licensed to do business in the State of Wisconsin and currently provides or did provide general liability insurance to XYZ, Dr. Ronquillo-Horton and/or Dr. Krembs for the time period(s) alleged herein. The name GHI Insurance Co. is a fictitious name, which will be substituted once the name of the insurer is identified.

17. Upon information and belief, at the time of Plaintiff's death, JOHN DOES 1-10 were as of yet undetermined or unspecified adults employed by Defendant Jefferson County, and were acting within the scope of the duties of their employment. Defendant Jefferson County is liable to Plaintiff for Cardenas's death and other damages caused by JOHN DOES 1-10.

18. Upon information and belief, at the time of Plaintiff's death, JOHN DOES 11-20 were as of yet undetermined or unspecified adults employed by Defendant Advanced, and were acting within the scope of the duties of their employment. Defendant Advanced is liable to Plaintiff for Cardenas's death and other damages caused by JOHN

DOES 11-20.

## FACTS

19. Cardenas was arrested on a warrant on March 1, 2019. He was booked into the Jefferson County Jail at approximately 3:11 p.m.

20. At the time of his booking, Cardenas noted that he was addicted to heroin, and used it extensively multiple times per day.

21. He also noted that he had seizures and gets sick from withdrawals.

22. Cardenas also noted at his booking that he had attempted to obtain a prescription for Suboxone.

23. A nurse request for sick call was made on March 1, 2019 at 6:43 pm. However, Cardenas appointment to see a nurse was not scheduled until March 2, 2019.

24. Although Cardenas noted he was experiencing withdrawal symptoms, no medicines were prescribed for him on March 1, 2019.

25. Cardenas was seen by a nurse on March 2, 2019 at approximately 11:03 a.m., where it was noted that he was going through withdrawal symptoms. Upon information and belief, Cardenas did not receive any medications for his withdrawal until after 3 p.m. that day.

26. Upon information and belief, Krembs prescribed the medications for Cardenas but did not personally interview or diagnose Cardenas at any time.

27. Upon information and belief, Ronquillo-Horton supervised Krembs and/or electronically-signed for the various medical prescriptions to Cardenas more than two months **after** his death. Upon information and belief, Ronquillo-Horton served as the Medical Director to the Jail but was not directly employed by the Jail.

28. Decedent Cardenas died on March 2, 2019 while incarcerated at the Jefferson County Jail and in the custody of the Jefferson County Sheriff's Department. At the time of his death, Cardenas was thus in the custody of Defendant Jefferson County.

29. According to the autopsy report, Cardenas death is undetermined, but it is believed that he may have died in part to the consumption of fentanyl and the failure to timely prescribe to him opioid withdrawal medications.

## COUNT I
## 42 U.S.C. § 1983 – *Monell* Claims Against Jefferson County and Sheriff

30. Plaintiff Estate incorporates each preceding paragraph of this Complaint as if fully restated herein.

31. Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Under 42 U.S.C. § 1983, municipal liability exists where, under the color of state or local law, a public body (in this case, a county) has deprived a person of rights created by the United States Constitution or federal statutes.

32. The actions, misconduct and omissions of Defendants Jefferson County and Sheriff in recklessly and regularly disregarding Cardenas' medical condition by not ensuring that he received heroin withdrawal medications upon his entry into the Jail, rather than 24 hours after his booking, is a deliberate indifference to Cardenas's constitutional medical rights while acting under the color of state or local law.

33. Under 42 U.S.C. § 1983, municipal liability exists where, under the color of state or local law, a public body fails to properly train, supervise, and discipline its employees, amounting to a deliberate indifference to the constitutional rights of someone in its custody.

34. The actions and omissions of Defendants Jefferson County and Sheriff David J. Mahoney in failing to adequately train JOHN DOES 1-10 to ensure proper medical care to the inmates at the Jefferson County Jail, including Cardenas, also a deliberate indifference to Cardenas's constitutional rights while acting under the color of state or local law.

35. As a direct and proximate result of Defendants' actions, Cardenas's constitutional rights were violated, as he suffered injuries, death, and damages while in Defendants' custody, as set forth in this Complaint.

36. Defendants Jefferson County and Sheriff are therefore liable to Plaintiff Estate for their own actions, misconduct and omissions, as well as for that of JOHN DOES 1-10, which resulting in Cardenas's death.

37. As a result of Defendants' violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, Cardenas and the members of Plaintiff Estate suffered damages in the form of loss of life, attorney fees and costs, and other damages that will be established at trial.

## COUNT II
## 42 U.S.C. § 1983 – Violation of Fourth, Eighth and Fourteenth Amendments

38. Plaintiff Estate realleges and incorporates each preceding paragraph of this Complaint as if fully restated herein

39. As a result of Defendants' blatant disregard of Cardenas' acute and obvious medical condition, Cardenas died at the Jail.

40. Cardenas did not receive the medical care she needed, or any care for that matter, ultimately leading to Cardenas's death.

41. At all relevant times, it was obvious and known to each of the above listed

Defendants that: (a) Cardenas suffered from chronic addiction; (b) Cardenas was under the influence of heroin and his arrival to Jail; (c) Cardenas was exhibiting signs of being under the influence of heroin and withdrawals therefrom; and (d) that Cardenas was going to suffer from withdrawals. Defendants deliberately chose to ignore these facts along with policy and procedure requiring withdrawals medications and monitoring, ultimately causing damages, including death. Defendants collectively, and each of them individually, knew or should have known, that Cardenas was suffering from serious medical conditions and needed immediate treatment, but deliberately ignored the same by failing to provide proper medical care while Cardenas was in the Jail and by denying Cardenas's requests for help.

42. That the above-named Defendants collectively, and each of them individually, were deliberately indifferent to Cardenas's serious medical needs and intentionally deprived Cardenas of the required medical care and treatment and acted with reckless disregard of Cardenas's obvious and serious medical conditions.

43. The above-named Defendants collectively, and each of them individually, were deliberately indifferent to Cardenas's serious medical needs and failed to intervene when each of them became acutely aware that Cardenas was not being provided any medical care while at Jail and that her constitutionally protected right to health care was being violated by other state actors.

44. That the conduct of the Defendants collectively, and each of them individually, shocks the conscience, was reckless, and demonstrates a deliberate indifference to the consequences of their refusal to provide Cardenas medical care.

45. That the actions and omissions of all Defendants collectively, and each of

them individually, under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, were performed under the color of state law and were unreasonable and performed knowingly, intentionally, maliciously, and with deliberate indifference to Cardenas's safety, well-being and serious medical needs; with wanton intent for Cardenas.

46. That as a direct and proximate result of the deliberate, willful, wanton, and reckless violation of Cardenas's Constitutional Rights, Plaintiffs suffered injuries and damages.

## COUNT III
## 42 U.S.C. § 1983 – Failure to Protect

47. Plaintiff Estate realleges and incorporates each preceding paragraph of this Complaint as if fully restated herein.

48. Defendants John Does 1-10 and Sheriff failed to protect Cardenas from serious harm by deliberately disregarding established medical procedures for the treatment of inmates going through heroin withdrawals in the Jefferson County Jail, including Cardenas, which resulted in Cardenas's death.

49. Defendants John Does 1-10 and Sheriff knew or should have known that inmates suffering from heroin and other opioid withdrawals are in need of immediate medical attention and medicines to control withdrawal, and that Cardenas and other inmates would be seriously harmed if life-saving medicines were not immediately prescribed by medical personnel at the Jail.

50. Defendants John Does 1-10 and Sheriff failed to take corrective action to ensure the safety and security of Cardenas and other inmates, by failing to ensure that Cardenas received the appropriate withdrawal medications, which resulted in Cardenas's

death.

51. As a result of Defendants' intentional failure to Cardenasy, Cardenas and the members of Plaintiff Estate suffered damages in the form of loss of life, attorney fees and costs, and other damages that will be established at trial.

## COUNT IV
### Negligence (as to certain defendants)

52. Plaintiff Estate realleges and incorporates each preceding paragraph of this Complaint as if fully restated herein.

53. Defendants Ronquillo-Horton, Krembs and certain John Does, Advanced Healthcare and XYZ, collectively and individually, undertook and owed a duty to Cardenas to make reasonable efforts to care for his safety and well-being and to exercise due care.

54. Defendants, collectively and individually, breached that duty by failing to take reasonable measures, such as immediately prescribing opioid withdrawal medications.

55. As a direct and proximate result of Defendants' negligent, careless, and reckless disregard for Cardenas's safety and well-being, Cardenas and the members of Plaintiff Estate suffered damages in the form of loss of life, attorney fees and costs, and other damages that will be established at trial.

## COUNT VI
### Wrongful Death (Wis. Stat. § 895.03)(as to certain defendants)

56. Plaintiff Estate realleges and incorporates each preceding paragraph of this Complaint as if fully restated herein.

57. Cardenas's death was caused by Defendants Ronquillo-Horton, Krembs

and certain John Does, Advanced Healthcare and XYZ, collectively and individually, wrongful acts, negligence and/or improper conduct.

58. Defendants' failure to safeguard Cardenas's life is the direct and proximate cause of his untimely death.

59. As a result of Defendants' breached duty to protect and care for Cardenas's safety, Cardenas and the members of Plaintiff Estate suffered damages in the form of loss of life, attorney fees and costs, and other damages that will be established at trial.

## COUNT V
## Wisconsin Direct Action Statute

60. Plaintiff Estate realleges and incorporates each preceding paragraph of this Complaint as if fully restated herein.

61. Pursuant to Wis. Stat. § 632.24, the Estate can maintain this action against ABC, DEF, GHI, and other insurers, directly.

62. The Insurers is liable to the Estate for damages suffered as a result of Defendants' actions and failures, as alleged in this Complaint, up to the amount of the applicable insurance policies that Defendants had/has with each of the named Insurers.

## JURY DEMAND

Plaintiff Estate of Jesus D. Cardenas, hereby demands a trial by jury pursuant to Federal rule of Civil Procedure 38(b) on all issues so triable.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. For damages in an amount to be determined at trial;

2. For attorney's fees pursuant to 42 U.S.C § 1988;

3. For all costs and fees incurred in bringing this suit; and,

4. For such other and further relief as the Court deems proper.

Dated this 6th day of June, 2022.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
   Nathaniel Cade, Jr.
   Annalisa Pusick
   P.O. Box 170887
   Milwaukee, WI 53217
   (414) 255-3802 (phone)
   (414) 255-3804 (fax)
   nate@cade-law.com

Attorneys for Plaintiff,
Estate of Jesus D. Cardenas